## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LISA BOWMAN,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | 1:22-CV-0287-WMR-CCB |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **COLONIAL PIPELINE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, Plaintiff Lisa Bowman ("Ms. Bowman" or "Plaintiff"), by and through undersigned counsel, and files this Complaint and Jury Demand under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.* ("FMLA"); Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et. seq.* ("ADA"); and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* against Defendant Colonial Pipeline Company ("Colonial", "the Company", or "Defendant") and shows the Court as follows:

## JURISDICTION AND VENUE

### 1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

### 2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

### 3.

Plaintiff is an individual subject to the jurisdiction of this Court.

### 4.

Defendant is a business entity qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

### 5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CSC of Cobb County, Inc. at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

6.

Plaintiff filed a Charge of Discrimination, Number 410-2020-06910, against Defendant with the EEOC on July 9, 2020. (See Exhibit No. 1).

7.

Plaintiff filed an Amended EEOC Charge of Discrimination, Number 410-2020-06910, against Defendant on March 11, 2021. (See Exhibit No. 2).

8.

On October 27, 2021, the EEOC issued Plaintiff a Right to Sue letter for EEOC Charge Number 410-2020-06910 ("Right to Sue Letter"). (See Exhibit No. 3).

9.

Plaintiff has filed this present civil action within 90 days of receiving her Right to Sue Letter.

10.

Administrative prerequisites have been met prior to filing this civil action.

## **FACTUAL ALLEGATIONS**

11.

Ms. Bowman began working for Defendant Colonial Pipeline Company around April 16, 2018, as an Executive Assistant in the Legal Department.

12.

At the time she began working in this position, Ms. Bowman was over 40 years old.

13.

On or about February 2019, Meg Blackwood, the Company's Deputy General Counsel, became Ms. Bowman's immediate supervisor.

14.

On or around February 2019, Ms. Bowman was diagnosed with an autoimmune condition that required her to take time off work.

15.

Ms. Bowman applied for and received approval for FMLA leave for her medical condition.

16.

Ms. Bowman's supervisor, Ms. Blackwood, knew that Ms. Bowman had been approved for FMLA.

17.

Nevertheless, Ms. Blackwood constantly questioned Ms. Bowman about her reason for taking medical leave.

18.

Ms. Blackwood would continuously attempt to pressure and coerce Ms. Bowman to not use her FMLA leave by making comments, such as "you shouldn't take off so much time."

19.

Ms. Blackwood would constantly criticize Ms. Bowman.

20.

Ms. Blackwood scrutinized Ms. Bowman but did not do so with younger employees under the age of 40.

21.

Ms. Blackwood was disrespectful and condescending to Ms. Bowman but not with younger employees under the age of 40.

22.

On or around December 2019, Ms. Bowman needed to get a medical procedure that required two days off work.

23.

Ms. Bowman was never asked to provide doctor notes in the past and the company policy only required documentation for medical absences that exceeded 7 days.

24.

Ms. Blackwood said to Ms. Bowman that she did not believe Ms. Bowman and requested that Ms. Bowman provide proof of the medical appointment.  Upon information and belief Ms. Blackwood would not make the same request of other employees.

25.

Ms. Bowman went to Sean Miller, the Company's Ethics Manager, and Marcia Ganz, the Company's Senior Attorney, to file a complaint about the continued harassment from Ms. Blackwood related to her medical leave and the creation of a hostile work environment on the basis of disability in response to Ms. Bowman asking for time off work for medical reasons.

26.

Ms. Bowman was told by Ms. Ganz to "think it over" during the holidays because "it wouldn't be pleasant" and to "think about the ramifications" because Ms. Blackwood did not like to be challenged.

27.

Due to the warning from Ms. Ganz, Ms. Bowman did not immediately file her complaint against Ms. Blackwood.

28.

On or around February 17, 2020, due to the continued harassment and hostility from Ms. Blackwood, Ms. Bowman again went to Ms. Miller and Ms. Ganz to file an official complaint against Ms. Blackwood.

29.

Ms. Bowman was told by Ms. Miller that HR would investigate her complaint.

30.

Ms. Bowman was not contacted by HR about her complaint or the investigation.

31.

Approximately one week later, Defendant terminated Ms. Bowman on February 25, 2020.

## CLAIMS FOR RELIEF

## COUNT I
## FMLA INTERFERENCE

32.

Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

33.

Defendant is an "employer" as defined by the FMLA.

34.

Plaintiff was an eligible "employee" under the FMLA.

35.

Plaintiff worked at least 1250 hours for Defendant and was employed by Defendant for more than 12 months.

36.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

37.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

38.

Plaintiff had a medical condition that required time off of work.

39.

Plaintiff had a serious medical condition as defined by the FMLA.

40.

Defendant terminated Plaintiff's employment to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

41.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.,* entitling Plaintiff to all appropriate relief under the statute, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees, and costs of litigation.

## COUNT II
## FMLA RETALIATION

42.

Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein

43.

Defendant is an "employer" as defined by the FMLA.

44.

Plaintiff was an eligible "employee" under the FMLA.

45.

Plaintiff worked at least 1250 hours for Defendant and was employed by Defendant for more than 12 months.

46.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

47.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, *et seq.*

48.

Plaintiff had a medical condition that required her to take time off of work.

49.

Plaintiff had a serious medical condition as defined by the FMLA.

50.

Defendant terminated Plaintiff after she applied for and was advised that she was approved for FMLA leave.

51.

Defendant terminated Plaintiff's employment in retaliation for her exercising her rights to protected medical leave pursuant to the FMLA.

52.

Defendant's termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff in violation of the FMLA.

## COUNT III

## ADA HOSTILE WORK ENVIRONMENT

53.

Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

54.

Plaintiff was a member of a protected group as a disabled person.

55.

Plaintiff has physical impairments that limited her in one or more major life activities, which are "disabilities" within the meaning of the ADA, as amended and/or a record of disability.

56.

Defendant was aware of Plaintiff's disabilities.

57.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined by the ADA.

58.

Plaintiff was subject to ongoing harassment based on her protected status.

59.

The harassment Plaintiff experienced was severe or pervasive enough to alter the terms and conditions of her employment and create a disability-based discriminatorily abusive working environment.

60.

Plaintiff reasonably perceived her working environment to be abusive and hostile.

61.

Defendant's failure to exercise reasonable care to correct and prevent a hostile work environment on the basis of disability violates the ADA, and as a result, Defendant is liable to Plaintiff.

62.

Defendant's actions and/or inactions concerning the tolerance and/or creation of a hostile work environment on the basis of disability violates the ADA, and as a result, Defendant is liable to Plaintiff.

63.

As a result of Defendant's discriminatory conduct, Plaintiff lost compensation and other benefits of employment, and suffered substantial emotional distress, inconvenience, humiliation, mental anguish, and other indignities.

## COUNT IV
## ADA RETALIATION (DISCRIMINATORY TERMINATION)

64.

Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

65.

Plaintiff was a member of a protected group as a disabled person.

66.

Plaintiff has physical impairments that limited one or more major life activities, which are "disabilities" within the meaning of the ADA, as amended.

67.

Defendant was aware of Plaintiff's disabilities.

68.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

69.

Plaintiff engaged in protected activity under the ADA by requesting that Defendant accommodate her disability by allowing her to take medical leave.

70.

Plaintiff also engaged in activity protected under the ADA by filing an internal complaint with Defendant concerning a hostile work environment and harassment on the basis of her disability.

71.

Soon thereafter, Defendant terminated Plaintiff's employment.

72.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her accommodation request for use of medical leave (in accordance with her FMLA approval).

73.

Defendant also retaliated against Plaintiff by terminating her employment on the basis of her protected complaint concerning hostile work environment and harassment.

74.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's protected complaint.

75.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

76.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

## COUNT V

## AGE DISCRIMINATION

### 77.

Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

### 78.

Defendant unlawfully discriminated against Plaintiff because of her age.

### 79.

Defendant's termination of Plaintiff's employment violates 29 U.S.C.A. § 623(a)(1).

### 80.

As a result of Defendant's discriminatory conduct against Plaintiff, Plaintiff has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, mental anguish, and other indignities.

81.

Pursuant to the ADEA, Plaintiff is entitled to liquidated damages equal to the amount of lost pay and benefits concerning Defendant's willful violation of the ADEA.

## COUNT VI
## ADA and ADEA RETALIATORY MISTREATMENT

82.

Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

83.

Plaintiff engaged in protected activity by making a request for a reasonable accommodation for medical leave and by making a complaint of unlawful discrimination, harassment and/or retaliation against her supervisor.

84.

After engaging in the above-described protected activity, Defendant mistreated Plaintiff and then ultimately terminated her employment.

85.

This conduct could reasonably dissuade someone from making or supporting a charge of discrimination.

86.

As a result of Defendant's retaliatory mistreatment of Plaintiff, she lost compensation and benefits, and suffered substantial emotional distress, inconvenience, humiliation, and other indignities.

## **COUNT VII**

## **PUNITIVE DAMAGES**

87.

Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

88.

Defendant engaged in discriminatory and retaliatory practices, as set forth herein, with malice or with reckless indifference to the federally protected rights of Plaintiff.

89.

Accordingly, Defendant must pay Plaintiff punitive damages pursuant to 42 U.S.C.A. § 1981a (a).

**WHEREFORE**, based on the above stated claims that Defendant violated Plaintiff's rights afforded to her under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.*; the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq.*; and the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and order the following relief as allowed by law:

(a)     Injunctive relief of reinstatement, or front pay and benefits in lieu thereof;

(b)    Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein;

(c)    Compensatory damages, including but not limited to compensation for her emotional distress, mental anguish and inconvenience;

(d)    Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(e)    Liquidated damages;

(f)    Back pay and lost benefits;

(g)   Reasonable attorneys' fees and expenses of litigation with any and all other

costs associated with this action;

(h)   Trial by jury as to all issues;

(i)   Pre-judgment and post-judgment interest; and

(j)   All other relief to which she may be entitled as this Court deems just and

proper.

Respectfully submitted this 24th day of January, 2022.

**HKM EMPLOYMENT ATTORNEYS LLP**
By: s/ _Jermaine A. Walker_
Jermaine "Jay" A. Walker
Bar No. 142044
3355 Lenox Road, Suite 705
Atlanta, Georgia 30326
(telephone) 404-301-4020
(fax, same #) 404-301-4020
jwalker@hkm.com

By:  _/s/ Sheri Bagheri_
Shahrzad "Sheri" Bagheri
Bar No. 174460
3355 Lenox Road, Suite 705
Atlanta, Georgia 30326
(telephone) 404-618-3966
(fax) 404-301-4020
sbagheri@hkm.com

**Attorneys for Plaintiff**